# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. ROBERTS, JR., | CASE NO. CV F 09-1634 LJO SKO |
| Plaintiff, | **ORDER TO DISMISS FOR FAILURE TO PROSECUTE** |
| vs. | |
| SYNERGISTIC INTERNATIONAL, LLC, and DWYER GROUP, LLC, | |
| Defendants. / | |

## INTRODUCTION

Plaintiff Kenneth E. Roberts, Jr. ("Mr. Roberts") has failed to prosecute this action against defendants Synergistic International, LLC. And Dwyer Group, LLC. ("defendants") for over a year. The Court considers five factors to determine whether to dismiss *sua sponte* this action for failure to prosecute. Having considered the appropriate factors, this Court DISMISSES this action without prejudice.

## BACKGROUND

Mr. Roberts initiated this action in state court in September 2008, but waited until August 2009 to serve defendants. Defendants removed the action to this Court and moved to compel arbitration. In an October 30, 2009 order, this Court granted in part and denied in part defendants' motion to compel arbitration. The Court retained jurisdiction over some claims, but stayed this action to allow the parties to arbitrate the claims covered in the parties' arbitration agreement.

1    Pursuant to this Court's order, defendants filed a January 28, 2010 status report, reporting that Mr. Roberts' counsel had failed to respond to defendants' multiple attempts to meet and confer regarding the arbitration. Defendants argued that this action should be dismissed for Mr. Roberts' lack of intent to prosecute this action and his failure to abide by the Court's October 30, 2009 order for failing to submit a status report.

In a February 1, 2010 order, this Court noted Mr. Roberts' failure to meet and confer, but took no action on defendants' request to dismiss the action for failure to prosecute. The Court advised defendants that if they "desire to move to dismiss this action, they must do so in accordance with this Court's Local Rule 230 and the Federal Rules of Civil Procedure." The Court did order Mr. Roberts to show cause why the Court should not impose actions for failure to comply with the Court's order to meet and confer and to file a joint status report. In addition, the Court admonished counsel that they "are expected to observe and comply with the Federal Rules of Civil Procedure and this Court's Local Rules."

On February 5, 2010, Mr. Roberts' counsel responded to the show cause order. Counsel averred that it "was my fault, and mine alone, to have missed the deadline regarding the joint status report." Although offering no excuse for the failure to meet and confer prior to the deadline, counsel explained that the parties had now met and conferred and would reach an agreement on the arbitration within days. The Court found that the counsel's "declaration fails to demonstrate cause as to why Plaintiff disobeyed this Court's order to meet and confer and to file a joint status report." The Court held in abeyance the show cause order until a further status report was filed.

A February 26, 2010 joint status report advised the Court that the parties agreed that a five-day arbitration would take place in Los Angeles, California before the Honorable Richard C. Neal on the earliest dates that he is available after September 20, 2010. Based on that agreement, the Court discharged the show cause order, and ordered the parties to file a joint status report no later than October 20, 2010.

On October 20, 2010, the parties filed a joint status report. In the report, the parties advise that on March 1, 2010, Justice Neal's case manager provided available arbitration dates to defendants. On March 4, 2010, defendants notified Mr. Roberts' counsel in writing of Justice Neal's available dates, and

advised that defendants were available for arbitration on October 18-22, 2010. In addition, defendants provided Mr. Roberts with a copy of Justice Neal's arbitration fee schedule. Since that time, counsel for Mr. Roberts has not contacted defendants regarding the arbitration, no Demand for Arbitration was filed, and no arbitration proceedings have been initiated by Mr. Roberts. Mr. Roberts contends that the costs of arbitration were burdensome, and requested an additional 60 days to meet the requirements for arbitration. Mr. Roberts further contends that since March 1, 2010, he has been unable to pay the required fee to JAMS to initiated the arbitration. Mr. Roberts admits that he filed no objections to the arbitration fee schedule, nor expressed objection to the schedule until the October 20, 2010 joint status report was due.

This Court ordered Mr. Roberts to show cause in writing why this action should not be dismissed for failure to prosecute this action. In response, Mr. Roberts' counsel again asserted that Mr. Roberts was unable to pay the estimated $15,000 for the arbitration. In a declaration, Mr. Roberts' counsel stated on information and belief that Mr. Roberts would be able to afford the arbitration on December 15, 2010. Defendants filed objections to Mr. Roberts' response, arguing that Mr. Roberts has failed to take any action to prosecute this action for over 12 months. In addition, defendants objected to Mr. Roberts' counsel's declaration, arguing that counsel had no personal knowledge of the statements made. Finally, defendants point out that Mr. Roberts does not dispute that although the arbitration fee schedule was presented on March 1, 2010, Mr. Roberts failed to object to it, and expressed no objections until the October 20, 2010 status report was due. Based on these objections, defendants reiterate their request that this Court dismiss this action for failure to prosecute.

## DISCUSSION

A district court has the power to dismiss an action for want of prosecution on its own motion. *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970). A dismissal for failure to prosecute "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In addition, this Court weighs the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Citizens Utilities*

*Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979). The Court considers each factor below.

**Unreasonable Delay**

Mr. Roberts has taken no steps to initiate arbitration in over 12 months. Between October 30, 2009 and February 1, 2010, Mr. Roberts made no attempt to meet and confer with defendants, despite a court order to do so. In response to an order to show cause, Mr. Roberts' counsel apologized for the failure to prosecute, but provided no reason for the failure. By February 26, 2010, the parties had agreed to a place and arbitrator, and further agreed to move forward with setting an arbitration date. Defendants timely requested available dates from Justice Neal, and sent this information to Mr. Roberts by March 4, 2010. For almost eight months after receiving that information, however, Mr. Roberts made no further efforts to initiate the arbitration. Mr. Roberts claims that the reasons for the delay was financial difficulty; however, Mr. Roberts failed to object to the arbitration fee schedule during the eight-month delay. Moreover, Mr. Roberts does not provide a declaration in response to this motion to support this assertion. Mr. Roberts has failed to justify the 12-month delay in initiating the arbitration proceedings. Accordingly, the facts support a finding that the delay has been unreasonable.

**Expeditious Resolution of Litigation and Court's Need to Manage its Docket**

By failing to take action in this case for over 12 months, Mr. Roberts delayed the resolution of this case and interfered with this Court's orderly management of its docket. Thus, the Court finds that the first two factors support an order of dismissal. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988).

**Prejudice to Defendant**

Mr. Roberts argues that there is no prejudice to defendants. Where, as here, there has been an unreasonable delay, "the law presumes injury from unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976). Thus, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id*. Moreover, to show prejudice, a defendant must show that the plaintiff's actions interfered with the defendant's ability to proceed to trial. *Malone*, 833 F.2d at 131. Defendants argue that they have been prejudiced because "[y]ears have passed since the events supporting Plaintiff's alleged claims transpired

and with each passing day Defendants' ability to present evidence and witnesses to refute Plaintiff's baseless allegation is compromised." Based on these considerations, this Court finds that this factor weighs in favor of dismissal.

### Public Policy Favoring Disposition On Merits

The public policy favoring the disposition of cases on their merits weighs against dismissal. The Court notes, however, Mr. Roberts' role in frustrating this public policy. "Although there is indeed a public policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Thus, a plaintiff's dilatoriness will not defeat an involuntary dismissal based on this factor alone. *See id. See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1240 (9th Cir. 2006) ("The public policy favoring disposition on the merits is not compelling when it is thwarted by the plaintiff's failure to move their cases along.").

### Consideration of Alternatives

In determining whether to dismiss an action for failure to prosecute, this Court considers whether less drastic sanctions are feasible and adequate. *See Malone*, 833 F.2d at 132. In its discretion, the Court may satisfy this element by warning the plaintiff of the possibility of dismissal. *Id*. *See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1240 (a district court meets the "consideration of alternatives" requirement for dismissing an action by issuing a warning that a party's failure to obey a court order will result in dismissal). This Court has warned Mr. Roberts of the possibility of sanctions, including dismissal, twice. The Court admonished Mr. Roberts in its February 1, 2010, that it would sanction him for failure to abide by the Court's orders, the Federal Rules of Civil Procedure, and the Court's local rules. The Court ordered Mr. Roberts to show cause in writing why this Court should not impose sanctions for failure to meet and confer, and warned Mr. Roberts of the possibility of monetary sanctions or dismissal. In response to that order, Mr. Roberts failed to demonstrate good cause as to the why he has failed to abide by the order or the prosecute the case. Nevertheless, this Court discharged the show cause order since Mr. Roberts has agreed to the time, place, and estimated date of the arbitration. Thereafter, for over eight months, Mr. Roberts took no further action to prosecute this action. This Court again warned Mr. Roberts of the possibility of

sanctions in its October 21, 2010 order to show cause.  In his response, Mr. Roberts contends that a sanction less than dismissal is warranted, but suggests no adequate alternative sanction.  Mr. Roberts' response fails to support good cause for the unreasonable delay.  Because of Mr. Roberts' repeated violations of this Court's orders, failure to take action to prosecute this action, and choice to ignore this Court's admonishments that this action would be dismissed for failure to prosecute, this Court finds no alternative sanction to be satisfactory.

## CONCLUSION and ORDER

For the foregoing reasons, this Court DISMISSES without prejudice this action and DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:   November 12, 2010**                    **/s/ Lawrence J. O'Neill**
                                                                      UNITED STATES DISTRICT JUDGE